UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES A. MOSS,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    Defendant. | Civil Action No. 1:11-0060<br>Judge Nixon/Brown |

To:  The Honorable John T. Nixon

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, seeks judicial review of the Social Security Commissioner's decision to offset his benefit payments provided under Title XVI and Title II of the Social Security Act (the "Act"), as amended. Currently pending before the Magistrate Judge is the Commissioner's Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support. (Docket Entries 11, 12). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Commissioner's said motion be **GRANTED**.

I. Introduction

Plaintiff filed his complaint on July 28, 2011 and was permitted to proceed *in forma pauperis* in this case. (Docket Entries 1, 3). Noting Plaintiff's *pro se* status, the Magistrate Judge construes the complaint as an objection to the Commissioner's reduction of Plaintiff's social security benefit payments. (Docket Entry 1, p. 2). This reduction is apparently an offset against workers' compensation, which Plaintiff claims to have been granted in 2001. *Id.*

On October 18, 2011, the Commissioner, through counsel, filed the pending motion to

dismiss and supporting memorandum. (Docket Entry 11, 12). As grounds for dismissal, the Commissioner argues that Plaintiff "has failed to exhaust administrative appeal remedies with respect to the decision to offset [and] Plaintiff, therefore, has not received a 'final decision' of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g)." (Docket Entry 12, p. 1). Plaintiff has not responded to said motion to dismiss.

The Commissioner also provided relevant factual history: a declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration ("Herbst Declaration"). (Docket Entry 13).

According to the Herbst Declaration, Plaintiff filed applications for Title II and Title XVI benefits on June 15, 1989. (*Id.*, p. 2). Plaintiff was found to be disabled as of July 15, 1987 and was awarded benefits under both Title II and Title XVI. He continues to receive said benefits. (*Id.*, p. 2-3). On January 10, 2008, Plaintiff filed an application for Title II benefits on the record of his deceased father and was awarded said benefits. He continues to receive these benefits as well. (*Id.*, p. 3). Importantly, the Herbst Declaration also states: "There is no indication in our records that the plaintiff has appealed the favorable decisions made on his applications; nor is there any indication in our records that the plaintiff has appealed any determinations made with regard to the amount of his benefits." *Id*.

## II. Legal Discussion

The Commissioner seeks dismissal under Fed.R.Civ.P. 12(b)(1), alleging that this Court lacks subject matter jurisdiction. To survive said motion, the Plaintiff has the burden of proving jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The doctrine of sovereign immunity protects the federal government from suits, except

where it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). That said, "[i]n the Social Security context, private parties may sue the United States Government pursuant to 42 U.S.C. §405(g)." *Walls v. Astrue*, No. 3:08-CV-0823, 2011 WL 4526800, *3 (M.D. Tenn. Sept. 28, 2011) (citing *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976)).

42 U.S.C. §405(g) states that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Further, 42 U.S.C. §405(h) provides that judicial review is limited to 405(g): "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." As this Court has stated, "[a] claimant . . . must have obtained a 'final decision . . . made after a hearing' in order to obtain judicial review of a decision of the Commissioner." *Walls*, 2011 WL 4526800 at *3 (quoting 42 §405(g)).

Given the Social Security Administration's regulations, it is a general rule that parties exhaust administrative remedies before seeking relief in federal court. *Id.* (citing *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992)). Exhausting administrative remedies is a four step process. First, the claimant may receive an initial determination on a claim. 20 C.F.R. §404.902. Second, the claimant may seek reconsideration of said claim. 20 C.F.R. §404.907. Third, the claimant may request a hearing before an administrative law judge (ALJ). 20 C.F.R. §§404.907, 404.929. Fourth, the claimant may appeal to the Appeals Council for review of the ALJ's decision. 20 C.F.R. §404.967. In effect, "for purposes of the finality requirement of §405(g), a claim becomes final after the Appeals Council renders its decision." *Willis v.*

*Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). Waiver of this exhaustion requirement can apply "if a plaintiff's claim is collateral to his claim for benefits and the harm imposed by exhaustion would be irreparable." *Walls*, 2011 WL 4526800 at *3 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)).

Turning to this case, the records is obviously void of any evidence that suggests the Plaintiff exhausted administrative remedies. Without a final decision from the Commissioner of Social Security, there is simply no decision for Plaintiff to appeal and, thus, no jurisdiction for this Court to hear an appeal. Additionally, there is no waiver of the exhaustion requirements because Plaintiff's claims are not wholly collateral to the claims for benefits, nor is there evidence that Plaintiff would suffer irreparable harm from exhaustion of administrative remedies.

In short, the Magistrate Judge believes this Court lacks subject matter jurisdiction in this matter and Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S.

1111 (1986).

                ENTERED this 23rd day of November, 2011.

                /S/ Joe B. Brown
                Joe B. Brown
                United States Magistrate Judge