**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **JAMES A. MOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 1:11-cv-00060** |
| **v.** | ) | **Judge Nixon** |
| | ) | **Magistrate Judge Brown** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Defendant Commissioner of Social Security's Motion to
Dismiss Plaintiff's Complaint ("Motion") (Doc. No. 11), filed along with a Memorandum in
Support (Doc. No. 12), and a Declaration of Patrick Herbst (Doc. No. 13). Plaintiff James A.
Moss, proceeding *pro se*, did not respond to Defendant's Motion. Magistrate Judge Brown
issued a Report and Recommendation ("Report") recommending that Defendant's Motion be
granted. (Doc. No. 14 at 4.) Plaintiff subsequently filed a letter with the Court. (Doc. No. 17.)
Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court
**ADOPTS** the Report in its entirety and **GRANTS** Defendant's Motion.

### I.     BACKGROUND

Plaintiff initially applied for disability insurance benefits under Titles II and XVI of the
Social Security Act on June 15, 1989. (Doc. No. 13 at 2-3.) Plaintiff was subsequently found
disabled with an onset date of July 15, 1987, and was awarded benefits. (*Id*.) Defendant
continues to receive Title II and Title XVI benefits. (*Id*. at 3.) On January 10, 2008, Plaintiff
filed an application for Title II benefits based on his deceased father's earnings record, and was
awarded the requested benefits, which he continues to receive. (*Id*.) Plaintiff has neither

appealed the favorable decisions made on his applications, nor has he appealed any determinations made with regard to the amount of his benefits.  (*Id*.)

Plaintiff filed the instant action on July 28, 2011.  (Doc. No. 1.)  On October 18, 2011, Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. No. 11), along with a Memorandum in Support (Doc. No. 12), and a Declaration of Patrick J. Herbst (Doc. No. 13). Plaintiff did not file a response to Defendant's Motion.  On November 23, 2011, the Magistrate Judge filed his Report, which recommended that Defendant's Motion be granted because the Court has no jurisdiction to review this matter.  (Doc. No. 14 at 4.)  Plaintiff filed a letter with the Court on June 1, 2012.  (Doc. No. 17.)

## II.    STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." *Id*.  Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III.    DISCUSSION

In his Complaint, Plaintiff's statement of claim reads as follows: "Social Security Administration has withheld back payments from workman's compensation [] which was granted by the judge in 2001."  (Doc. No. 1 at 1.)  Furthermore, Plaintiff requests the following

relief: "enforce payment for workman's compensation." (*Id.* at 3.) Plaintiff, therefore, seeks judicial review of Defendant's decision to offset his social security benefits due to the worker's compensation benefits that Plaintiff receives.[1] Defendant responds that because Plaintiff "did not exhaust administrative appeals remedies, [P]laintiff did not obtain a judicially reviewable 'final decision' and the complaint seeking judicial review should be dismissed." (Doc. No. 12 at 4.)

In the Social Security context, private parties may sue the United States Government pursuant to 42 U.S.C. § 405(g). *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976). Section 405(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Furthermore, Section 405(h) limits judicial review to Section 405(g):

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

A claimant, therefore, must have obtained a "final decision . . . made after a hearing" in order to obtain judicial review of a decision of the Commissioner. 42 U.S.C. § 405(g).

Under the SSA's regulations, a final decision is one rendered after a claimant has completed the four-step administrative review process. *See* 20 C.F.R. § 404.900(a). "[T]he general rule that parties exhaust prescribed administrative remedies before seeking relief from

---

[1] 42 U.S.C. § 424a authorizes the Social Security Administration to reduce the benefits paid to individuals receiving both Social Security and worker's compensation benefits. The statute's purpose is the prevention of "overlapping payments." *Rudd v. Comm'r of Soc. Sec.*, 37 F. App'x 173, 175 (6th Cir. 2002).

the federal courts" is well-established. *See McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). Exhaustion requires a Social Security claimant to proceed through all stages of the administrative appeals process. The Code of Federal Regulations delineates the four-step process by which Social Security claimants exhaust their administrative remedies. A claimant seeking benefits first receives an initial determination on the claim. 20 C.F.R. § 404.902. A dissatisfied claimant may then seek reconsideration of the initial determination. *Id.* § 404.907. A claimant may request a hearing before an Administrative Law Judge ("ALJ") if he or she is still dissatisfied with the outcome of the reconsideration. *Id.* §§ 404.907, 404.929. Finally, a dissatisfied claimant may seek review of the ALJ's decision by the Appeals Council. *Id.* § 404.967. The Appeals Council may deny a party's request for review, or it may decide to review a case and make a decision. *Id.* § 404.981. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless the party bound by the decision files an action in federal district court, or the decision is revised. *Id.* § 404.981.

Here, Plaintiff never requested an administrative hearing—one of the steps in the four-part Social Security administrative process. Consequently, no hearing was conducted and no final decision was issued. The Court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Because no final decision was rendered, the Court lacks jurisdiction over this matter.

Furthermore, nowhere in his filings does Plaintiff allege that he has received a final decision that would support a finding that the Court has jurisdiction over this action. Instead, Plaintiff asserts that he is "not satisfied with the results of the case being dismissed by Judge Kennedy. It has already been settled and [he] [has] waited for a long time to receive benefits." (Doc. No. 17.) In doing so, Plaintiff seems to expect that the Court will reach the merits of his

case, and make a determination regarding the propriety of the reduction in benefits that he has experienced.

The exhaustion requirement, however, may be waived if a plaintiff's claim is collateral to his claim for benefits and the harm imposed by exhaustion would be irreparable. *See Bowen v. City of New York,* 476 U.S. 467, 483 (1986). Colorable claims for constitutional violations may confer jurisdiction on the federal courts despite the lack of a final decision. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977). Here, however, Plaintiff has not made any claims implicating constitutional violations that would justify waiving the exhaustion requirement.

As explained earlier, the Court may only review final decisions rendered by the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). It is undisputed in this case that there was no final decision from which the Plaintiff might appeal. The Court does not, therefore, have jurisdiction to hear his appeal. Under these circumstances, Plaintiff is not entitled to relief in this Court and his Complaint must be dismissed for lack of subject matter jurisdiction.

**III. CONCLUSION**

For these reasons, this Court finds that Magistrate Judge Brown's Report is well-founded and supported by the record, and therefore **ADOPTS** it in its entirety. Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the _____**14th**_____ day of June, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT